UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDDIE WADE (#382327)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                       NUMBER 12-192-JJB-SCR

## RULING

Petitioner, Freddie Wade, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging his 2003 state court convictions and sentences on charges of attempted oral sexual battery, armed robbery, aggravated rape and indecent behavior with a juvenile in Caddo Parish, Louisiana. A review of this court's records showed that petitioner has filed a prior petition for writ of habeas corpus related to this same convictions and sentences: *Freddie Wade v. Burl Cain*, CV 09-772-SMH-MLH (W.D. La.).

The petition presently before the court is considered to be a successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

    1)    the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)    (I) the factual predicate for the claim could not have been discovered previously through the

exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this court may not proceed. Therefore, the petition shall be dismissed.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, April 9th, 2012.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

Case 3:12-cv-00192-JJB-SCR   Document 2   04/10/12   Page 2 of 2